JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

JEFFREY B. SCHENK (CSBN 234355)
Assistant United States Attorney

   150 South Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-2695
   Facsimile: (408) 535-5081
   jeffrey.b.schenk@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> TARA BERGSTRAND, ) <br> ) <br>    Defendant. ) <br> _____ ) | No. CR 08-00088-JW <br><br> UNITED STATES' SENTENCING MEMORANDUM <br><br> Date: September 15, 2008 <br> Time: 1:30 p.m. |

## INTRODUCTION

The United States hereby submits its sentencing memorandum in the above-referenced case. On February 21, 2008, before Magistrate Judge Trumbull, Ms. Bergstrand pled not guilty following arraignment on a three-count information charging her with one count of misprison of a felony in violation of 18 U.S.C. § 4. On April 29, 2008, before this court, Ms. Bergstrand changed her plea and pled guilty to count three of the information pursuant to a plea agreement. Ms. Bergstrand is scheduled to be sentenced on September 15, 2008. The government agrees with Probation Officer Aylin Raya's guideline calculation and sentencing recommendation of 21 months imprisonment.

**SENTENCING GUIDELINES CALCULATION**

Pursuant to the United States Sentencing Guidelines ("USSG"), which are advisory after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the defendant's base offense level is 19. [PSR 8. USSG § 2X4.1] Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), Acceptance of Responsibility, the defendant is eligible for a downward adjustment of three levels, resulting in an adjusted offense level of 16. [PSR 8.] In the plea agreement, the parties agreed to this adjusted offense level.

The government and the Probation Officer calculate that the defendant has no criminal history points, and therefore, falls into Criminal History Category I. [PSR 10.] An adjusted offense level of 16 when indexed with a Criminal History Category of I yields a guideline range of 21-27 months imprisonment. Probation Officer Raya recommends a sentence of 21 months imprisonment and a $100 special assessment. [PSR Addendum.] Probation Officer Raya also recommends that the defendant be placed on supervised release for one year and that no restitution be imposed. [PSR Addendum.]

The government has reviewed the presentence report and has no objection to the factual information contained therein. The government agrees with Probation Officer Raya's guideline calculation, and agrees that a reasonable and just sentence in this case would be 21 months in custody.

**THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The government recommends that the defendant be sentenced at the low-end of the applicable guideline range, that is 21 months in custody, a term of supervised release of one year, no fine, and a $100 special assessment. Also, the defendant consented to the forfeiture of specified property in paragraph 10 of her plea agreement.

This defendant had full knowledge of the illegal activities (i.e. drug sales) of her co-defendants, she took affirmative steps to further the offense by renting a house in Watsonville, California and allowing her residence to be the epicenter of her co-defendant's, John Roger Lagace a/k/a Brandon Draper, drug selling activities. Furthermore, the defendant allowed her future five-year old step-daughter to remain in the home while extensive illegal drugs and drug

1  paraphernalia remained easily accessible. She demonstrated complete disregard for the welfare
2  of the child.
3      On the other hand, the defendant does not appear to have played a significant role in
4  arranging the drug deals. For this reason, she was offered the ability to plead guilty to misprison.
5  This crime, and its reduced base offense level, takes into consideration the defendant's reduced
6  culpability in this offense. In other words, requests for additional departures made by the
7  defendant are incorporated into and presumed by the defendant's reduced base offense level
8  under U.S.S.G. §2X4.1. The government believes a 21 month prison sentence will serve to deter
9  this defendant and others from future similar criminal conduct.

10  DATED: September 8, 2008                Respectfully submitted,

11                                          JOSEPH P. RUSSONIELLO
                                            United States Attorney
12

13

14                                          ___/s/_____
                                            JEFFREY B. SCHENK
15                                          Assistant United States Attorney